FILED

**NOT FOR PUBLICATION**

SEP 24 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JENGHIZ K. STEWART, | No. 11-16955 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-00997-JWS-ECV |
| v. | |
| UNKNOWN PARTIES; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
John W. Sedwick, District Judge, Presiding[**]

Submitted September 10, 2012[***]

Before:    WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Jenghiz K. Stewart, an Arizona state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging various

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable John W. Sedwick, United States District Judge for the District of Alaska, sitting by designation.

[***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

constitutional violations in connection with his bipolar disorder and Tourette syndrome. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm in part, vacate in part, and remand.

The district court properly dismissed Stewart's deliberate indifference and retaliation claims against prison correctional staff because Stewart failed to allege sufficient facts to demonstrate that these defendants violated his constitutional rights. *See Farmer v. Brennan*, 511 U.S. 825, 834-37 (1994) (Eighth Amendment claim requires prison official to have a sufficiently culpable state of mind); *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (plaintiff must allege that the defendants took adverse action because of his protected conduct); *see also Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) (conclusory allegations of law insufficient to state a claim).

Dismissal of Stewart's Americans with Disabilities Act ("ADA") claim was proper because defendants, as individuals, were not liable under Title II of the ADA. *See Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002).

However, dismissal of Stewart's remaining claims against the doctors, nurses, and medical review committee defendants was improper at this early stage in the proceedings. Stewart's operative complaint alleges that the medical staff defendants intentionally misdiagnosed his illnesses and revoked his special needs order because of his formal and informal complaints about his medical care. As a result, Stewart alleges he suffered from various physical and emotional injuries. These allegations are sufficient to state claims for deliberate indifference and retaliation. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (deliberate indifference where defendant's response to a serious medical need is a purposeful act that causes further harm); *Rhodes*, 408 F.3d at 567-68 (setting forth elements of a First Amendment retaliation claim); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (pro se complaint must be held to less stringent standards despite changes in pleading standard applicable to other civil litigants). Accordingly, we vacate the judgment in part and remand for further proceedings consistent with our disposition.

Stewart's contentions concerning the qualifications and alleged bias of the district court judge are unpersuasive.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**